WILSON TURNER KOSMO LLP
Robin A. Wofford (137919)
Hubert Kim (204957)
Jocelyn D. Hannah (224666)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rwofford@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com
E-mail: jhannah@wilsonturnerkosmo.com
Attorneys for Defendant EQUILON ENTERPRISES LLC,
dba SHELL OIL PRODUCTS US

Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
Megan A. Childress, Esq., SBN 266926
BLEAU FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone: (323) 874-8613
Facsimile: (323) 874-1234
E-mail: bleaushark@aol.com
E-mail: glebedev@bleaufox.com
E-mail: mchildress@bleaufox.com
Attorneys for Plaintiffs OYSTER INCORPORATED,
EDWARDS & ANDERSON, INC., AMSIA
MANAGEMENT CORPORATION, HASSAN
EGHDAMI, JOSEPH FAZIO, HAMPTON'S SERVICE,
INC., CBK INC., JONTS GASMART, INC., PREMIUM
AUTO-TECH INC., JAMES LIN, HUNG TRINH, VTH
RESOURCES, INC., WILL Y. WONG and SD TEK INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OYSTER INCORPORATED, a California corporation; EDWARDS & ANDERSON, INC. a California corporation; AMSIA MANAGEMENT CORPORATION, a California corporation; HASSAN EGHDAMI, an individual; JOSEPH FAZIO, an individual; HAMPTON'S SERVICE, INC., a California corporation; CBK INC., a California corporation; JONTS GASMART, INC., a California corporation; PREMIUM AUTO-TECH INC., a California corporation; JAMES LIN, an individual; HUNG TRINH, an individual; VTH RESOURCES, INC., a California corporation; WILL Y. WONG, an individual; and SD TEK INC., a California corporation, | Case No. CV 11-01969 JSW<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**<br><br>Complaint Filed: March 21, 2011<br><br>Courtroom: 11<br>Judge: Jeffrey S. White<br>Trial Date: Not Set |

|   |   |
|---|---|
| 1 | Plaintiffs, |
| 2 | v. |
| 3 | EQUILON ENTERPRISES, LLC, a Delaware |
| 4 | limited liability company, SOUTHERN COUNTIES OIL CO., a California Limited |
| 5 | Partnership, and DOES 1 through 100, Inclusive, |
| 6 | Defendants. |

7

8      Upon agreement of counsel for Defendant Equilon Enterprises LLC, dba Shell Oil Products

9  US ("Equilon") and Plaintiffs Oyster Incorporated, Edwards & Anderson, Inc., Amsia Management

10  Corporation, Hassan Eghdami, Joseph Fazio, Hampton's Service, Inc., CBK Inc., Jonts Gasmart,

11  Inc., Premium Auto-Tech Inc., James Lin, Hung Trinh, VTH Resources, Inc., Will Y. Wong and SD

12  Tek Inc. (collectively, "Plaintiffs"), and deeming it just and proper to do so, IT IS HEREBY

13  ORDERED that:

14      1.      This Protective Order shall govern the use and dissemination of all information,

15  documents, and/or materials as may be produced by the parties and/or admitted into evidence during

16  deposition or trial within the above-captioned action (the "Action").

17      2.      Discovery in this Action has resulted in disclosure of certain confidential and

18  proprietary information and trade secrets.  In addition, before discovery is complete in this Action,

19  the parties anticipate additional disclosure of trade secrets, confidential research, development or

20  commercial information, proprietary materials including manuals, business strategies, financial data,

21  client and vendor information, marketing plans, employee and salary information, computer software

22  programs, and other confidential, proprietary or non-public business, technical, employee, and

23  financial information as is contemplated by Federal Rule of Civil Procedure 26(c)(G).  This

24  Protective Order shall govern the production in this Action of all documents or other information

25  through formal discovery procedures, including, without limitation, documents in written or

26  electronic form produced as initial disclosures, in response to requests for production of documents,

27  answers to special interrogatories, requests for admission, and deposition or other oral testimony

28  (collectively "Discovery Materials").  These Discovery Materials may include but shall not be

Case 3:11-cv-01969-JSW   Document 24   Filed 08/26/11   Page 3 of 15

1   limited to:  correspondence, memoranda, notes, deposition transcripts and exhibits, business plans,

2   training materials, policies and procedures, financial records, proposals, strategic plans, personnel

3   records, marketing materials, third-party contracts, income tax returns, sales invoices and other sales

4   information.  Based on the confidential nature of the documents that have been and will be produced

5   in this Action, which contain information that would be valuable to Equilon's and Plaintiffs'

6   competitors, good cause exists for the issuance of this Protective Order.

7       3.       This Protective Order is entered solely for the purpose of facilitating the exchange of

8   documents and information between the parties to this Action without involving the Court

9   unnecessarily in the process.  Nothing in this Protective Order or the production of any information

10  or documents under the terms of this Protective Order or any proceedings pursuant to this Protective

11  Order shall be deemed to have the effect of an admission or waiver by either party on the merits of

12  this Action or as to any objection to any discovery request.

13      4.       Nothing in this Protective Order shall be deemed to restrict in any manner the use by

14  any party of its own information contained in its own documents and materials, regardless of

15  whether such documents are designated Confidential by a Producing Party or any other party, except

16  to the extent that materials designated by a Producing Party as Confidential Information in this

17  Action, but which were obtained by another party to the Action ("Receiving Party") prior to the

18  execution of this Protective Order, shall be treated as Confidential Information by the Receiving

19  Party and shall be subject to the terms of this Protective Order herein.

20      5.       The term "counsel" or "attorney" shall mean outside counsel of record, and other

21  attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

22          WILSON TURNER KOSMO LLP
            550 West C Street, Suite 1050
23          San Diego, California  92101

24          BLEAU FOX, A P.L.C.
            3575 Cahuenga Boulevard West, Suite 580
25          Los Angeles, California  90068

26  "Counsel" or "attorney" shall also include in-house attorneys for Equilon, as well as any

27  other counsel retained in this Action in the future.

28

3                   Case No. CV 11-01969 JSW
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

1

**CONFIDENTIAL INFORMATION:**

2    6.    Any document, thing, material, testimony, or other information derived therefrom,

3  and any other form of evidence which, in the good-faith opinion of the party providing such

4  discovery material ("Producing Party"), contains any trade secret or other confidential or proprietary

5  information or any information that involves privacy concerns regarding any third party, any party or

6  the employee, officer, director or representative of a party may be designated by the Producing Party

7  as "CONFIDENTIAL INFORMATION."  Such Confidential Information includes, <u>but is not limited</u>

8  <u>to</u>, documents reflecting the parties' and third parties' financial condition, brokers' opinions of

9  value, documents pertaining to Equilon's internal valuations of retail sites and other assets,

10  documents pertaining to third parties' valuations of  Equilon's retail sites and other assets,

11  documents pertaining to Equilon's marketing plans and programs, documents relating to Equilon's

12  strategic plan to divest itself of retail locations, documents pertaining to the negotiation of

13  transactions to sell Equilon's real property and other assets, third party offers to purchase Equilon's

14  retail sites and other assets, customer lists and account numbers, profit and loss statements for the

15  subject petroleum marketing premises, vendor lists and retailer credit information.  Confidential

16  Information, designated as such in accordance with this Protective Order, shall be used by the party

17  who has propounded the discovery request seeking the Confidential Information ("Requesting

18  Party") only for the purposes of preparation of this matter for trial and may be disclosed or made

19  available only to persons specified in Paragraph 9 herein.

20    7.    Confidential Information may be identified and made subject to this Protective Order

21  as follows:

22      (a)    With respect to documents or copies of documents provided by one party to

23  the other, by marking the initial page and any page or pages upon which any Confidential

24  Information appears with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

25      (b)    Testimony or information disclosed at a deposition, conference or hearing

26  may be designated by a party as Confidential Information by indicating on the record at the

27  deposition, conference or hearing the specific testimony which contains Confidential Information

28  that is to be made subject to the provisions of this Protective Order.  Alternatively, a party may

4                                     Case No. CV 11-01969 JSW

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

designate testimony or information disclosed at a deposition or other proceeding as Confidential

Information by notifying all parties in writing within thirty (30) days of receipt of the transcript (or

within a shorter time as agreed by the parties in the event the deposition transcript or information

cannot be received thirty (30) days prior to a hearing or conference, at which a party intends to use

the transcript or information), of the specific pages and lines of the transcripts that are to be

designated Confidential Information.  Each party shall attach a copy of such written statement to the

face of the transcript and each copy thereof in its possession, custody or control.  Whether or not

designation is made at the time of a deposition or other proceeding, all depositions or other

transcripts shall be treated as Confidential Information from the taking of the deposition or other

proceeding until within thirty (30) days of receipt of the transcript (or within a shorter time as agreed

by the parties in the event the deposition transcript or information cannot be received thirty (30) days

prior to a hearing, or conference at which a party intends to use the transcript or information), or

until receipt of the notice referred to in this paragraph, whichever occurs sooner.

        (c)     In the case of responses to interrogatories, responses to other discovery

requests, affidavits, briefs, memoranda or other papers filed with the Court, information contained

therein may be designated as Confidential Information by prominently marking such papers

"CONFIDENTIAL";

        (d)     Tangible objects may be designated as Confidential Information by affixing to

the object or its container a label or tag marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER."

       8.     Notwithstanding the foregoing, any employee, agent, advisor, representative or

person affiliated with a party who is not qualified to receive Confidential Information under

Paragraph 9 herein may attend a deposition or other proceeding at which Confidential Information

may be disclosed.  In such event, a party seeking to designate Confidential Information must

designate the specific testimony or information containing Confidential Information by indicating on

the record at the deposition or other proceeding that such Confidential Information is subject to the

provisions of this Protective Order.  The party making such designation shall have the right to

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON

1    exclude such persons from the deposition or other proceeding only during the period any

2    Confidential Information is disclosed or discussed.

3         9.    Confidential Information produced pursuant to this Protective Order to Requesting

4    Party may be disclosed or made available by that party only to:

5              (a)    The Requesting Party (and their officers, directors, managing agents or other

6    representatives who are engaged in or are assisting in the preparation of this Action for trial or other

7    resolution, except as otherwise provided herein), provided that it has executed this Protective Order;

8              (b)    The Court and its officers, any special master, referee or mediator authorized

9    to act in this proceeding;

10             (c)    Counsel of record in this Action and their employees or employee equivalents

11   (*e.g.*, contract paralegals, copy vendors, etc.) who are assisting counsel in the preparation of this

12   Action for trial or other resolution;

13             (d)    Independent experts or consultants retained by counsel or the Requesting

14   Party with respect to preparation of this Action for trial or other resolution, and their employees or

15   employee equivalents who are assisting such experts or consultants with respect to the preparation of

16   this Action for trial or other resolution;

17             (e)    Court reporters and their staff, to the extent necessary to perform their duties;

18             (f)    A witness at any deposition or other proceeding in this Action; and

19             (g)    Any other person to whom the parties agree in writing.

20        10.    With respect to material being designated "CONFIDENTIAL" or "CONFIDENTIAL

21   – FOR ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its

22   originator, author or a recipient of a copy thereof may be shown the same.

23                        **ATTORNEYS' EYES ONLY:**

24        11.    Any Producing Party may further designate certain discovery material or testimony

25   which contains financial information and/or corporate ownership information of a highly

26   confidential and/or proprietary nature or employee information of a highly confidential or private

27   nature such as employee disciplinary matters, salary information and/or other private information as

28   "ATTORNEYS' EYES ONLY" in the manner described in paragraphs 1 through 7, above, except

---

6                                Case No. CV 11-01969 JSW

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON

that the applicable legend for such information shall be: "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, counsel for the Requesting Party (including the paralegal, clerical, and secretarial staff employed by such counsel) to the above-captioned litigation, and other persons identified in Paragraphs 9(d) and (e), above, and, if the witness is the drafter of the documents or an employee of the producing party, Paragraph 9(f), above, but shall not be disclosed to the Requesting Party itself, or to an officer, director or employee of Requesting Party, or anyone else unless otherwise agreed to in writing or ordered. The procedures regarding disclosure of Confidential Material at a deposition set forth in Paragraph 7(b) shall apply to Discovery Material designated under this paragraph.

## **GENERAL PROVISIONS:**

12.     Material designated under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from designated Confidential or Attorneys' Eyes Only Information, shall be used only for the purpose of the prosecution, defense, or settlement of this Action, and for no other purpose.

13.     Each party or non-party that designates information or items for protection under this Order ("Designating Party") must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

14.    A copy of this Protective Order shall be served with any subpoena or deposition notice compelling the production of documents or information from any third party.

15.    A condition precedent to disclosure of any Confidential or Attorneys' Eyes Only Information to any experts or consultants as provided for in Paragraph 9(d) or any Confidential Information to any witness provided for pursuant to Paragraph 9(f) or the person whom the parties agree may receive information under Paragraph 9(g) is that person must:  (a) acknowledge receipt of this Protective Order; (b) agree to be bound thereby; (c) agree to use such information and materials solely for this litigation; (d) agree not to disclose any such information or materials to any other person, firm, or concern; and (e) agree never to use the information, directly or indirectly, in competition with the party that disclosed it nor allow any other person to do so.

16.    Each expert or consultant to whom Confidential or Attorneys' Eyes Only Information is to be provided pursuant to Paragraph 9(d), each witness to whom Confidential Information is to be provided pursuant to Paragraph 9(f) and each person to whom the parties may agree pursuant to Paragraph 9(g) shall execute a declaration acknowledging the foregoing in the form set forth as follows:

### <u>AGREEMENT TO COMPLY WITH PROTECTIVE ORDER</u>

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Protective Order entered in *Oyster Incorporated, et al. v. Equilon Enterprises LLC*, *et al*., United States District Court for the Northern District of California, Case No. CV 11-01969 JSW.

I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____

_____
Signature

_____
Print Name

17.    Counsel for the party obtaining a person's signature pursuant to the form described in Paragraph 16 shall retain the original signed and dated acknowledgment.

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON

18.     The parties acknowledge that in this Action certain third party witnesses may produce documents, things, materials, testimony, or other information derived therefrom, and any other form of evidence, which the parties and/or the third party producing such materials may consider to be Confidential or Attorneys' Eyes Only Information.  Accordingly, the parties and/or the producing third party may designate such materials as Confidential or Attorneys' Eyes Only Information in a manner consistent with the terms of this Protective Order.  The provisions of this Protective Order shall also apply with regard to the handling, use, filing and dissemination of such third party Confidential or Attorneys' Eyes Only Information.

19.     If another court or administrative agency subpoenas or orders production of Confidential or Attorneys' Eyes Only Information that a party has obtained under the terms of this Protective Order such party shall, if there are fewer than ten (10) days to comply, within two (2) days, if possible, or immediately, if not, or if there are more than ten (10) days to comply, at least seven (7) court days prior to the due date for compliance, notify the Producing Party of the pendency of the subpoena, public records request, or order, in writing, and shall not produce the designated information until the Producing Party has taken appropriate steps to protect the material unless required to disclose the material on terms and conditions other than set forth in this Paragraph by any applicable court order or law.  It shall be the responsibility of the Producing Party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the Producing Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.

20.     Subject to public policy, further Court order and the Local Rules of the United States District Court for the Northern District of California, no document may be filed under seal, *i.e.*, closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof.  Pursuant to Civil Local Rule 79-5, a sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

1   as "sealable").  The request must be narrowly tailored to seek sealing only of sealable material, and

2   must conform with Civil Local Rule 79-5(b) or (c).

3         21.    Notwithstanding anything to the contrary in the foregoing Paragraph 20, if a party

4   wishes to file a document that has been designated Confidential or Attorneys' Eyes Only

5   Information by another party pursuant to this Protective Order, or if a party wishes to refer in a

6   memorandum or other filing to information so designated by another party, the submitting party

7   must file and serve an Administrative Motion for a sealing order and lodge the document,

8   memorandum or other filing in accordance with Civil Local Rule 79-5(d).  If only a portion of the

9   document, memorandum or other filing is sealable, the submitting party must also lodge with the

10  Court a redacted version of the document, memorandum or other filing to be placed in the public

11  record if the Court approves the requested sealing order.  The document shall be titled to show that it

12  corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in

13  Support of Motion for Summary Judgment."  Within seven (7) days thereafter, the Designating Party

14  must file with the Court and serve a declaration establishing that the designated information is

15  sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the

16  designation of confidentiality.  If the Designating Party does not file its responsive declaration as

17  required by Civil Local Rule 79-5(d), the document or proposed filing will be made part of the

18  public record.

19        22.    All documents and materials filed with the Court in matters related to discovery

20  motions or proceedings, including, but not limited to, deposition transcripts, exhibits, discovery

21  responses, briefs or memoranda, which comprise or contain Confidential or Attorneys' Eyes Only

22  Information shall be filed with the Court in sealed envelopes or other appropriately sealed

23  containers, complying with all applicable rules of Court, on which shall be endorsed the title of this

24  Action, an indication of the nature of the contents, the identity of the party filing the materials, the

25  phrase "CONFIDENTIAL," and a statement the materials in the sealed envelope or container are

26  "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION DATED

27  _____."

28

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON

23. In all matters other than discovery motions or proceedings, the party seeking to submit Confidential or Attorneys' Eyes Only Information will lodge any documents or materials which comprise or contain Confidential or Attorneys' Eyes Only Information with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable Local Rules, on which shall be endorsed the title of this Action, an indication of the nature of the contents, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a statement the materials in the sealed envelope or container are "LODGED CONDITIONALLY UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION DATED _____."

24. Confidential or Attorneys' Eyes Only Information obtained from a Producing Party pursuant to pretrial discovery in this Action, may be used and disclosed only for purposes of this Action. No person or party shall make any other use of any such Information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a Court order. All Confidential Information shall be held in confidence by those inspecting or receiving it. Counsel for each party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

25. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential or Attorneys' Eyes Only Information is in fact confidential or a trade secret; (b) with respect to the competency, relevance, materiality, or admissibility of any such information, document or the like; (c) that any document or information is subject to production.

26. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information or Attorneys' Eyes Only Information. The party objecting to the designation ("Challenging Party") shall notify counsel for the Designating Party and identify in

11                                          Case No. CV 11-01969 JSW

1   writing with reasonable specificity, the objected-to materials and the grounds for the objection.  The

2   parties shall attempt to resolve any such dispute by holding a conference of counsel in the manner

3   specified in Civil Local Rule 37-1.  If the dispute is not resolved by stipulation between the parties

4   within ten (10) business days of receipt of such a notice of objections, the objecting party may

5   challenge the designation through an application to the Court for a determination of the issue.  The

6   burden of persuasion in any such challenge proceeding shall be on the Designating Party.

7   Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose

8   unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

9   Unless the Designating Party has waived the confidentiality designation by failing to file a motion

10  to retain confidentiality as described above, all parties shall continue to treat the material as

11  Confidential Information or Attorneys' Eyes Only Information, as designated by the Designated

12  Party, until the Court rules on the challenge or the matter has otherwise been resolved.

13      27.     The inadvertent or unintentional failure by a Producing Party to designate specific

14  documents or materials as containing Confidential or Attorneys' Eyes Only Information shall not be

15  deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or

16  materials.  Upon notice to the receiving party of such failure to designate, the receiving party shall

17  cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

18      28.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if

19  the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected

20  parties, orders such disclosure.

21      29.     Upon final termination of this Action, including any and all appeals, counsel for each

22  party shall, upon request of the Producing Party, return all Confidential or Attorneys' Eyes Only

23  Information to the Producing Party, including any copies, excerpts, and summaries thereof, or shall

24  destroy same at the option of the producing party, and shall purge all such information from all

25  machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party

26  may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that

27  refer to or incorporate Confidential or Attorneys' Eyes Only Information, and will continue to be

28  bound by this Protective Order with respect to all such retained information.  Further, attorney work

STIPULATION FOR PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER THEREON

product materials that contain Confidential or Attorneys' Eyes Only Information need not be destroyed, but if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

30. The restrictions and obligations herein shall not apply to any information that: (a) the parties agree should not be designated as Confidential or Attorneys' Eyes Only Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the Designating Party. Prior knowledge must be established by pre-production documentation.

31. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential or Attorneys' Eyes Only Information with anyone if that person already has or obtains legitimate possession thereof.

32. Transmission by facsimile is acceptable for all notification purposes herein.

33. This Protective Order may be modified by agreement of the parties, subject to approval by the Court.

34. This Protective Order has been entered into by the parties to facilitate discovery and production of relevant evidence in this Action. Neither the entry into this Protective Order nor the designation of any information or document, nor the failure to make such designation shall constitute evidence with respect to any issue in this Action.

35. This Protective Order is without prejudice to the right of the parties to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

36. Notwithstanding the provisions of this Protective Order, counsel for Equilon and Plaintiffs agree that documents which were previously produced by Equilon to Plaintiffs' counsel in the matters known as (1) *Shahriar Almasi, et al. v. Equilon Enterprises LLC* (U.S.D.C. - Northern District of California Case No. 10-CV-03458 EJD), (2) *Barja, Inc., et al. v. Equilon Enterprises LLC* (U.S.D.C. - Central District of California Case No. CV 10-06936 ODW (PLAx)) and (3) *G5*

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

*Ventures, Inc., et al. v. Equilon Enterprises LLC* (California Superior Court, County of Orange Case No. 30-2010-00376445) (collectively, the "Prior Lawsuits") need not be produced again in this Action.  Instead, Equilon and Plaintiffs may use such previously produced materials in the Action as though they were originally produced in the Action.  However, counsel for Equilon and Plaintiffs further agree that to the extent the parties to the Action intend to use materials in the Action which were previously designated by Equilon as Confidential and/or Attorneys' Eyes Only in the Prior Lawsuits, such materials shall retain their original Confidential and/or Attorneys' Eyes Only designations in accordance with the terms of the Protective Orders issued in each respective Prior Lawsuit.

37.     Confidential information or documents shall remain subject to this Protective Order only through the <u>commencement of trial</u>.  Accordingly, the procedures for filing Confidential documents and information as set forth in this Protective Order shall not apply to the introduction or presentation of evidence at the trial of this matter.  However, to the extent any party seeks to maintain the confidentiality of Confidential and Attorneys' Eyes Only Information at the time of trial, such party shall file an application with the Court to maintain the confidentiality of such materials upon a showing of good cause.

38.     Any motion to return documents filed under seal pursuant to this Protective Order must be made prior to the commencement of trial, the entry of dismissal or, where the Court has issued an order maintaining certain documents under seal upon an application by a party showing good cause, prior to final judgment.

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

39.     The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.

Dated:  August 26, 2011          **WILSON TURNER KOSMO LLP**


By:      /s/ Hubert Kim
          Robin A. Wofford
          Hubert Kim
          Jocelyn D. Hannah
          Attorneys for Defendant EQUILON
          ENTERPRISES LLC, dba SHELL OIL
          PRODUCTS US

Dated:  August 26, 2011          **BLEAU FOX, A P.L.C.**


By:      /s/ Gennady L. Lebedev
          Thomas P. Bleau, Esq.
          Gennady L. Lebedev, Esq.,
          Megan A. Childress, Esq.
          Attorneys for Plaintiffs OYSTER
          INCORPORATED, EDWARDS &
          ANDERSON, INC., AMSIA
          MANAGEMENT CORPORATION,
          HASSAN EGHDAMI, JOSEPH FAZIO,
          HAMPTON'S SERVICE, INC., CBK INC.,
          JONTS GASMART, INC., PREMIUM
          AUTO-TECH INC., JAMES LIN, HUNG
          TRINH, VTH RESOURCES, INC., WILL Y.
          WONG and SD TEK INC.

          PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:  August 29, 2011          By:      _____
                                            HON. JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE

Case No. CV 11-01969 JSW
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON